IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHIESI U.S.A., INC. and CHIESI FARMACEUTICI S.P.A., </br></br>   Plaintiffs, </br></br>   v. </br></br> TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES, LTD., </br></br>   Defendants. | ) ) ) ) ) ) ) ) C.A. No. _____ ) ) ) ) ) ) |

## COMPLAINT

Plaintiffs Chiesi Farmaceutici S.p.A. and Chiesi U.S.A., Inc. (collectively, "Plaintiffs"), by their undersigned attorneys, for their Complaint against defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. (collectively, "Defendants" or "Teva"), herein allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, involving United States Patent Nos. 6,987,094 ("the '094 patent"), 7,696,178 ("the '178 patent"), and 7,939,502 ("the '502 patent"), attached hereto as Exhibits A, B, and C, respectively (collectively, "the patents-in-suit").

## THE PARTIES

2. Plaintiff Chiesi Farmaceutici S.p.A. is a company organized and existing under the laws of Italy, and its principal place of business is located at Via Palermo 26/A, 43122 Parma, Italy.

3. Plaintiff Chiesi U.S.A., Inc. is a company organized and existing under the laws of the State of Delaware, and its principal place of business is located at 1255 Crescent Green Drive, Suite 250, Cary, North Carolina 27518.

4. Upon information and belief, defendant Teva Pharmaceuticals U.S.A., Inc. ("Teva USA") is a corporation organized and existing under the laws of the State of Delaware, and its principal place of business is located at 1090 Horsham Road, North Wales, PA 19454.

5. Upon information and belief, defendant Teva Pharmaceutical Industries Limited ("Teva Ltd.") is a corporation organized and existing under the laws of Israel and its principal place of business is located at 5 Basel Street, P.O. Box 3190, Petach Tikva, 4951033, Israel.

6. Upon information and belief, Teva USA is a wholly-owned subsidiary of Teva Ltd. Upon information and belief, Teva USA acts at the direction of, under the control of, and for the direct benefit of Teva Ltd., and is controlled and/or dominated by Teva Ltd.

7. Teva Ltd. is the largest generic drug maker in the world (in terms of annual revenue). Teva Ltd. operates through a global network of subsidiaries that it directly or indirectly owns and controls, including defendant Teva USA.

8. In its most recent SEC Form 20-F, Teva Ltd. stated that its "operations are conducted through a network of global subsidiaries…including commercial activities, pharmaceutical manufacturing sites, API [active pharmaceutical ingredient] sites and R&D centers." Teva Ltd.'s Form 20-F for the fiscal year ending December 31, 2016, at 46. Teva Ltd. lists Teva USA as one of its wholly-owned "principal operating subsidiaries" located in the United States. *Id.*

9. According to Teva Ltd., "key elements of [its] strategy" include "[d]riving continuous growth and improving profitability in [its] generics business" using its "wide-

reaching commercial presence, as the market leader in the United States and a top-three leadership position in over 40 other countries." *Id*. at 23. As of December 31, 2016, Teva Ltd.'s "generic pipeline" included "330 product applications awaiting FDA approval in the U.S.," where "70% of [these] pending applications include a paragraph IV patent challenge." *Id*.

10. Upon information and belief, Teva Ltd. is in the business of, *inter alia*: (i) the development and manufacture of generic pharmaceutical products for sale throughout the world, including throughout the United States and, more specifically, the State of Delaware; (ii) in concert with and/or through its various subsidiaries, including defendant Teva USA, the preparation, submission, and filing of Abbreviated New Drug Applications ("ANDAs") seeking U.S. Food and Drug Administration ("FDA") approval to market generic drugs throughout the United States; and (iii) in concert with and/or through its various subsidiaries, including defendant Teva USA, the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of Delaware.

11. Upon information and belief, Teva USA is in the business of, *inter alia*, (i) the development and manufacture of generic pharmaceutical products for sale throughout the United States, including throughout the State of Delaware; (ii) the preparation, submission, and filing of ANDAs seeking FDA approval to market generic drugs throughout the United States; and (iii) the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of Delaware.

12. Upon information and belief, Defendants or their affiliates manufacture and/or direct the manufacture of generic pharmaceutical products for which Teva USA is the named ANDA applicant. Upon information and belief, Defendants each, directly or indirectly, derive substantial revenue from the sale of such generic pharmaceutical products.

## JURISDICTION AND VENUE

13. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has personal jurisdiction over Teva USA because, upon information and belief, Teva USA is a Delaware corporation.

15. Upon information and belief, Teva prepared, submitted, and filed with the FDA, pursuant to § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA") (codified at 21 U.S.C. § 355(j)), ANDA No. 210915 seeking approval to engage in the commercial manufacture, use, and/or sale of Tobramycin Inhalation Solution ("Defendants' ANDA Product") before the expiration of the patents-in-suit throughout the United States, including in this judicial district.

16. Upon information and belief, Teva USA holds an active pharmacy wholesale license for the State of Delaware under License Nos. A4-0001468 and A4-0001447 and an active distributor/manufacturer license for controlled substances for the State of Delaware under License Nos. DM-0006546 and DM-0007115. Teva USA has, therefore, purposefully availed itself of the rights, benefits, and privileges of Delaware's laws.

17. Upon information and belief, Teva Ltd. and Teva USA are agents of each other and/or work in concert with each other with respect to the development, regulatory approval, marketing, sale, and distribution of generic drug products throughout the United States, including into the State of Delaware.

18. This Court has personal jurisdiction over Teva Ltd. because, *inter alia*, upon information and belief, Teva Ltd., itself or in concert with and/or through its various subsidiaries, regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in

Delaware, demonstrating that Teva Ltd. has continuous and systematic contacts with the State of Delaware.

19. Upon information and belief, Teva USA's acts of preparing and filing ANDA No. 210915 and directing notice of its ANDA submission to Plaintiffs were performed at the direction of, with the authorization of, and with the cooperation, participation, assistance and, at least in part, the benefit of Teva Ltd. These are acts with real and injurious consequences giving rise to this infringement action, including the present and/or anticipated commercial manufacture, use, and/or sale of Defendants' ANDA Product before the expiration of the patents-in-suit throughout the United States, including in this judicial district. Moreover, because Plaintiff Chiesi U.S.A., Inc. is a Delaware company, these injuries and consequences are suffered in Delaware. Therefore, Teva Ltd. and Teva USA together purposefully directed their activities towards the State of Delaware. Because defending against an infringement lawsuit such as this one is an inherent and expected part of a generic ANDA filer's business, Teva Ltd. and Teva USA reasonably anticipated being sued in Delaware.

20. Therefore, this Court has personal jurisdiction over Teva Ltd. because, *inter alia*: (a) Teva Ltd. has purposefully directed its activities and the activities of Teva USA, its wholly-owned subsidiary and a Delaware corporation, at residents and corporate entities within the State of Delaware; (b) the claims set forth herein as to Teva Ltd. arise out of or relate to those activities; (c) Teva Ltd.'s contacts with the State of Delaware (direct and/or indirect) are continuous and systematic; and (d) it is reasonable and fair for this Court to exercise personal jurisdiction over Teva Ltd.

21. This Court also has personal jurisdiction over Teva Ltd. and Teva USA because Teva Ltd. and Teva USA have previously submitted to the jurisdiction of this Court and have

further previously availed themselves of this Court by initiating lawsuits, consenting to this Court's jurisdiction, and asserting counterclaims in other civil actions initiated in this jurisdiction. *See, e.g.*, *Teva Pharms. USA, Inc. v. Mylan Pharms. Inc.*, No. 17-0249 (GMS) (D. Del.) (Teva USA and Teva Ltd. filed complaint for patent infringement); *Teva Pharms. USA, Inc. v. Doctor Reddy's Labs., Ltd.*, No. 16-1267 (GMS) (D. Del.) (same); *Teva Pharms. USA, Inc. v. Biocon Ltd.*, No. 16-0278 (GMS) (D. Del.) (same); *Teva Pharms. USA, Inc. v. Dr. Reddy's Labs., Ltd.*, No. 15-0306 (GMS) (D. Del.) (same); *Teva Pharms. USA, Inc. v. Amneal Pharms. LLC.*, No. 15-0124 (GMS) (D. Del.) (same); *Teva Pharms. USA, Inc. v. Synthon Pharms., Inc*., No. 14-1419 (GMS) (D. Del.) (same); *Orexo AB v. Actavis Elizabeth LLC*, No. 17-0758 (GMS) (D. Del.) (Teva USA and Teva Ltd. did not contest jurisdiction); *Momenta Pharms., Inc. v. Teva Pharms. USA, Inc*., No. 17-0109 (GMS) (D. Del.) (same); *Onyx Therapeutics, Inc. v. Teva Pharms. USA, Inc.*, No. 17-0449 (LPS) (D. Del) (Teva USA filed counterclaims and did not contest jurisdiction); *Bayer HealthCare, LLC v. Teva Pharms. USA, Inc.*, No. 16-1220 (D. Del.) (same).

22. Alternatively, this Court has personal jurisdiction over Teva Ltd. under Fed. R. Civ. P. 4(k)(2).

23. Upon information and belief, if ANDA No. 210915 is approved, Defendants' ANDA Product will be marketed and distributed by Defendants in the State of Delaware, prescribed by physicians practicing in the State of Delaware, and/or used by patients in the State of Delaware.

24. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and § 1400(b).

**BACKGROUND FACTS**

25. Plaintiff Chiesi U.S.A., Inc. owns New Drug Application No. 201820 for Tobramycin Injection Solution, which was approved on October 12, 2012 and is marketed under the name BETHKIS®. BETHKIS® is supplied as a clear solution in a 4 mL single-use ampule at a strength of 300 mg/4 mL.

26. BETHKIS® is an inhaled aminoglycoside antibacterial indicated for the management of cystic fibrosis in patients with *Pseudomonas aeruginosa*, an opportunistic pathogen.

27. The '094 patent, entitled "Optimized Formulation of Tobramycin for Aerosolization," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on January 17, 2006. Plaintiff Chiesi Farmaceutici S.p.A. owns the '094 patent.

28. The '178 patent, entitled "Optimized Formulation of Tobramycin for Aerosolization" was duly and legally issued by the USPTO on April 13, 2010. Plaintiff Chiesi Farmaceutici S.p.A. owns the '178 patent.

29. The '502 patent, entitled "Optimized Formulation of Tobramycin for Aerosolization" was duly and legally issued by the USPTO on May 10, 2011. Plaintiff Chiesi Farmaceutici S.p.A. owns the '502 patent.

30. Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the FDA's publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "*Orange Book*") as covering BETHKIS®.

31. Upon information and belief, Defendants prepared, submitted, and filed ANDA No. 210915 under § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)), seeking approval from the FDA to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product. Defendants included in ANDA No. 210915 a "paragraph IV" certification seeking such approval

before the expiration of the patents-in-suit. And upon information and belief, upon approval of ANDA No. 210915, Defendants will be involved, directly and/or indirectly, in the manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product.

32. 21 U.S.C. § 355(j)(2)(B)(iv)(II) requires that a letter notifying a patent holder of the filing of an ANDA containing a paragraph IV certification "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed." Likewise, 21 C.F.R. § 314.95(c)(6) requires that such a letter include "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed." The detailed statement must include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." 21 C.F.R. § 314.95(c)(6)(i)-(ii).

33. Plaintiffs received a letter from Teva that was purportedly sent pursuant to § 505(j)(2)(B) of the FDCA, 21 U.S.C. § 355(j)(2)(B) regarding Defendants' ANDA Product and the patents-in-suit (the "Notice Letter").

34. The Notice Letter is provided on letterhead branded with the general logo "Teva." The letter states that it is from "Teva Pharmaceuticals U.S.A., Inc. ("Teva"), whose address is 425 Privet Road, Horsham, PA 19044." The Notice Letter was signed by Fahd Majiduddin, identified as "Patent Counsel, Associate Director," on behalf of Teva USA.

35. The Notice Letter states that Teva submitted an ANDA (No. 210915) to the FDA seeking to manufacture and sell a generic version of BETHKIS® (Tobramycin Inhalation Solution) prior to the expiration of the patents-in-suit.

36. Plaintiff Chiesi Farmaceutici S.p.A. owns the patents-in-suit, which cover BETHKIS®. Plaintiff Chiesi U.S.A. is the exclusive licensee of the patents-in-suit, and markets, distributes, and sells BETHKIS®.

37. The Notice Letter included an Offer of Confidential Access ("OCA") purportedly pursuant to 21 U.S.C. § 355(j)(5)(C) and which Defendants proposed be "governed by the laws of the State of New York." Plaintiffs objected to certain provisions of the OCA as unreasonable and in violation of 21 U.S.C. § 355(j)(5)(C)(i)(III). Plaintiffs proposed revisions to the OCA, which Defendants rejected.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '094 Patent)**

38. Plaintiffs repeat and re-allege each of the foregoing Paragraphs as if fully set forth herein.

39. Upon information and belief, Teva Ltd. actively worked in concert with Teva USA to prepare, submit, and file ANDA No. 210915 with a paragraph IV certification to the '094 patent.

40. Upon information and belief, Teva Ltd. will actively work in concert with Teva USA to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

41. Upon information and belief, Teva Ltd. is jointly and severally liable for Teva USA's infringement of one or more claims of the '094 patent.

42. Upon information and belief, Defendants have submitted ANDA No. 210915 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product— a product and methods of manufacturing that product which are claimed in the '094 patent—before the expiration of the '094 patent.

43. Upon information and belief, Defendants included in ANDA No. 210915 a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '094 patent.

44. Upon information and belief, Defendants will commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product upon, or in anticipation of, FDA approval.

45. The submission of ANDA No. 210915 with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '094 patent was an act of infringement by Defendants of one or more claims of the '094 patent under 35 U.S.C. § 271(e)(2)(A).

46. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product would infringe, directly and/or indirectly, one or more claims of the '094 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

47. Defendants knew of the existence of the '094 patent, as evidenced by Defendants' filing of ANDA No. 210915 with a paragraph IV certification referencing the '094 patent.

48. Upon information and belief, by knowingly inducing, encouraging, aiding, abetting, contributing to, and/or participating in Teva USA's commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product, Teva Ltd. will induce and/or contribute to Teva USA's infringement of the '094 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

49. Defendants' infringement of the '094 patent will cause Plaintiffs to suffer irreparable harm.  Defendants' infringement will continue unless enjoined by the Court.

Plaintiffs have no adequate remedy at law and, thus, a permanent injunction is appropriate to prohibit Defendants from infringing the '094 patent.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '178 Patent)**

50. Plaintiffs repeat and re-allege each of the foregoing Paragraphs as if fully set forth herein.

51. Upon information and belief, Teva Ltd. actively worked in concert with Teva USA to prepare, submit, and file ANDA No. 210915 with a paragraph IV certification to the '178 patent.

52. Upon information and belief, Teva Ltd. will actively work in concert with Teva USA to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

53. Upon information and belief, Teva Ltd. is jointly and severally liable for Teva USA's infringement of one or more claims of the '178 patent.

54. Upon information and belief, Defendants have submitted ANDA No. 210915 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product—a product and methods of manufacturing that product which are claimed in the '178 patent—before the expiration of the '178 patent.

55. Upon information and belief, Defendants included in ANDA No. 210915 a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '178 patent.

56. Upon information and belief, Defendants will commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product upon, or in anticipation of, FDA approval.

57. The submission of ANDA No. 210915 with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '178 patent was an act of infringement by Defendants of one or more claims of the '178 patent under 35 U.S.C. § 271(e)(2)(A).

58. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product would infringe, directly and/or indirectly, one or more claims of the '178 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

59. Defendants knew of the existence of the '178 patent, as evidenced by Defendants' filing of ANDA No. 210915 with a paragraph IV certification referencing the '178 patent.

60. Upon information and belief, by knowingly inducing, encouraging, aiding, abetting, contributing to, and/or participating in Teva USA's commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product, Teva Ltd. will induce and/or contribute to Teva USA's infringement of the '178 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

61. Defendants' infringement of the '178 patent will cause Plaintiffs to suffer irreparable harm. Defendants' infringement will continue unless enjoined by the Court. Plaintiffs have no adequate remedy at law and, thus, a permanent injunction is appropriate to prohibit Defendants from infringing the '178 patent.

### THIRD CLAIM FOR RELIEF
**(Infringement of the '502 Patent)**

62. Plaintiffs repeat and re-allege each of the foregoing Paragraphs as if fully set forth herein.

63. Upon information and belief, Teva Ltd. actively worked in concert with Teva USA to prepare, submit, and file ANDA No. 210915 with a paragraph IV certification to the '502 patent.

64. Upon information and belief, Teva Ltd. will actively work in concert with Teva USA to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

65. Upon information and belief, Teva Ltd. is jointly and severally liable for Teva USA's infringement of one or more claims of the '502 patent.

66. Upon information and belief, Defendants have submitted ANDA No. 210915 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product—the use of which is claimed in the '502 patent—before the expiration of the '502 patent.

67. Upon information and belief, Defendants included in ANDA No. 210915 a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '502 patent.

68. Upon information and belief, Defendants will commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product upon, or in anticipation of, FDA approval.

69. The submission of ANDA No. 210915 with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '502 patent was an act of infringement by Defendants of one or more claims of the '502 patent under 35 U.S.C. § 271(e)(2)(A).

70. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product would infringe, directly and/or indirectly, one or more claims of the '502 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

71. Defendants knew of the existence of the '502 patent, as evidenced by Defendants' filing of ANDA No. 210915 with a paragraph IV certification referencing the '502 patent.

72. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties to practice the methods of the '502 patent—acts that constitute direct infringement of claims of the '502 patent.

73. Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to infringement of claims of the '502 patent by third parties because: (i) Defendants' ANDA Product constitutes a material part of the methods of treatment claimed in the '502 patent; (ii) Defendants know or should know that Defendants' ANDA Product will be made for uses that directly infringe the methods of treatment claimed in the '502 patent; and (iii) Defendants' ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

74. Upon information and belief, by knowingly inducing, encouraging, aiding, abetting, contributing to, and/or participating in Teva USA's commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product, Teva Ltd. will induce and/or

contribute to Teva USA's infringement of the '502 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

75. Defendants' infringement of the '502 patent will cause Plaintiffs to suffer irreparable harm. Defendants' infringement will continue unless enjoined by the Court. Plaintiffs have no adequate remedy at law and, thus, a permanent injunction is appropriate to prohibit Defendants from infringing the '502 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests the following relief:

A. A Judgment declaring that, pursuant to 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of ANDA No. 210915 with a paragraph IV certification for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the patents-in-suit constitutes an act of infringement of those patents by Defendants;

B. A Judgment declaring that, pursuant to 35 U.S.C. §§ 271(a), (b), and (c), the commercial manufacture, use, sale, offer for sale and/or importation in the United States of Defendants' ANDA Product before the expiration of the patents-in-suit would directly and/or indirectly infringe the patents;

C. An Order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Defendants' ANDA Product shall be no earlier than the latest date of expiry of the patents-in-suit, including any regulatory extensions;

D. Injunctive relief pursuant to 35 U.S.C. § 271(e)(4)(B) precluding Defendants from manufacturing, using, selling, offering to sell, or importing Defendants' ANDA Product prior to the date on which the patents-in-suit have expired, including any regulatory extensions;

E. A Judgment awarding Plaintiff damages or other monetary relief, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, if Defendants commercially manufacture, use, sell, offer for sale, and/or import any product that is the subject of ANDA No. 210915 that infringes the patents-in-suit;

F. A Judgment awarding Plaintiffs their costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920; and

G. Such other and further relief as this Court may deem just and proper.

OF COUNSEL:

Edgar H. Haug
ehaug@haugpartners.com
Angus Chen
achen@haugpartners.com
Jason A. Kanter
jkanter@haugpartners.com
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY  10151

December 7, 2017

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Nicole K. Pedi (#6236)
pedi@rlf.com
Richards, Layton & Finger P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Plaintiffs*